UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN JIA,<br><br>          Plaintiff,<br><br>    v.<br><br>WEEE! INC.,<br><br>          Defendant. | Case No.  23-cv-02314-DMR<br><br>**ORDER ON MOTION TO DISMISS OR TRANSFER**<br><br>Re: Dkt. No. 18 |

Plaintiffs Helen Jia, Tingting Ding, Haoquan Liang, and Xiaofang Mei filed this putative class action against Defendant Weee! Inc. as the result of a February 2023 data breach.  Defendant filed a motion to dismiss or transfer the case to the United States District Court for the Southern District of New York under the first-to-file rule, or in the alternative, to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  [Docket No. 18.] This matter is suitable for resolution without a hearing.  Civ. L.R. 7-1(b).  For the following reasons, the case is transferred to the Southern District of New York.

## I.   BACKGROUND

### A.   The Instant Action

Plaintiff Jia filed the complaint against Defendant on May 11, 2023.  She filed an amended consolidated complaint ("FAC") on July 28, 2023 in which she added additional putative class representatives Ding, Liang, and Mei.  [Docket No. 17 (FAC).]

The FAC alleges that Defendant is "one of the largest national grocers for Asian American [sic]."  *Id*. at ¶ 1.  Plaintiffs are California citizens and consumers who "entrusted their personally identifiable information ('PII')" to Defendant.  They allege that Defendant "fail[ed] to properly

safeguard and protect their PII, and publicly disclos[ed] their PII without authorization." *Id*. at ¶ ¶¶ 4-6, 12. Specifically, hackers stole Defendants' customers' first and last names, email addresses, phone numbers, device types, order notes, and other information and began leaking the data on a hacking and data breach forum in February 2023. *Id*. at ¶¶ 13, 14. The data breach affected 1.1 million customers who placed orders after July 12, 2021, including Plaintiffs. *Id*. at ¶ 14. Plaintiffs allege that Defendant's security failures enabled the theft and put their "personal and financial information at serious and ongoing risk" and that Defendant "failed to uncover and disclose the extent of the [data] [b]reach and notify" affected customers in a timely manner. *Id*. at ¶¶ 15, 17. They further allege that they face an "immediate and substantial risk of identity theft, identity fraud, and records, fraudulent credit card activity" and other harms as a result of the breach. *Id*. at ¶ 18.

Plaintiffs seek to represent a national class comprised of "[a]ll customers in the United States whose PII was compromised in the Data Breach" and a California subclass comprised of "[a]ll customers in California whose PII was compromised in the Data Breach." *Id*. at ¶¶ 49, 50. They assert the following 13 claims: 1) intrusion upon seclusion; 2) violation of the California Constitution's right to privacy; 3) violation of California's Unfair Competition Law; 4) violation of the California Customer Records Act; 5) violation of the California Information Practices Act; 6) breach of confidentiality; 7) constructive fraud; 8) breach of express contract; 9) breach of implied contract; 10) unjust enrichment; 11) declaratory relief; 12) negligence; and 13) violation of the California Consumer Privacy Act.

## B.    The *Liau* Case

On February 10, 2023, Tyson Liau and Richard Teng filed a putative class action in the United States District Court for the Southern District of New York on behalf of themselves and "[a]ll persons residing in the United States who registered an account with Weee! e-grocery service at any time from June 21, 2021 through February 6, 2023 (the 'National Class')," alleging claims against Defendant arising out of the same data breach as that alleged in the instant case.

1  *Liau v. Weee! Inc.*, Case No. 23-cv-01177-PAE (S.D.N.Y., filed Feb. 10, 2023) (the "*Liau* case").[1]

2  In their second amended complaint (Docket No. 17, "*Liau* SAC") Liau and Teng allege claims for

3  breach of implied contract and violation of the New York Deceptive Acts and Practices Law.

4  Defendant moved to dismiss the *Liau* SAC in June 2023; that motion remains pending.

5       Defendant now moves to dismiss or transfer the instant case to the Southern District of

6  New York under the first-to-file rule, or in the alternative, to dismiss the FAC.

7  **II.      LEGAL STANDARD**

8       The first-to-file rule "is a generally recognized doctrine of federal comity which permits a

9  district court to decline jurisdiction over an action when a complaint involving the same parties

10  and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678

11  F.2d 93, 94-95 (9th Cir. 1982).  A district court has discretion to dismiss, stay, or transfer the

12  second-filed case.  *Cedars-Sinai Medical Center v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997).

13  "The first-to-file rule is intended to 'serve[ ] the purpose of promoting efficiency well and should

14  not be disregarded lightly.'"  *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d

15  1237, 1239 (9th Cir. 2015) (quoting *Alltrade, Inc. v. Uniweld Prods. Inc.*, 946 F.2d 622, 625 (9th

16  Cir. 1991)).

17       In determining whether the rule applies, courts analyze: (1) the chronology of the lawsuits,

18  (2) the similarity of the parties involved, and (3) "the similarity of the issues at stake."  *See*

19  *Alltrade*, 946 F.2d at 625.  Regarding the second factor, "the first-to-file rule does not require

20  exact identity of the parties . . . [r]ather, the first-to-file rule requires only substantial similarity of

21  parties."  *Kohn Law Grp.*, 787 F.3d at 1240 (citations omitted).  With respect to the third factor,

22  "[t]he issues in both cases also need not be identical, only substantially similar. . . . [t]o determine

23  whether two suits involve substantially similar issues, [courts] look at whether there is substantial

24  overlap between the two suits."  *Id.* at 1240-41 (quotation marks and citations omitted).

25

26  ---
[1] The court sua sponte takes judicial notice of the proceedings and operative complaint in *Liau*.

27  Federal courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue."  *U.S. ex rel*

28  *Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); Fed. R. Evid. 201(c)(1) ("[t]he court . . . may take judicial notice on its own").

United States District Court
Northern District of California

### III.   ANALYSIS

Plaintiffs do not dispute that first-to-file factors one and two, chronology of the lawsuits and similarity of the parties involved, are satisfied here.  Opp'n 5.  However, they argue that the two cases "lack the requisite similarity" and "are not *substantially* similar" under the third factor.  *Id*. (emphasis in original).  According to Plaintiffs, the instant case pleads additional "conduct and class members" based on "Defendant's provision of PII to Wechat."  *Id*. (citing FAC ¶ 137[2]).  In relevant part, the FAC alleges that "[m]any of those who use Weee! to purchase groceries use social media application Wechat . . . and Plaintiff is informed, and believes, that Weee! is thus, otherwise improperly sharing PII with Wechat, and indirectly other unauthorized companies, and government entities."

Plaintiffs' argument is not persuasive.  The third factor "does not require total uniformity of claims but rather focuses on the underlying factual allegations."  *Mullinix v. US Fertility, LLC*, No. SACV 21-00409-CJC(KESx), 2021 WL 4935976, at *3 (C.D. Cal. June 8, 2021) (quoting *Zimmer v. Dometic Corp.*, No. CV 2:17-cv-06913 ODW (MRWx), 2018 WL 1135634, at *4 (C.D. Cal. Feb. 22, 2018)).  Courts examine whether "the core theory for both cases is the same," and "[t]he fact that the two cases involve claims under different state laws does not preclude application of the first-to-file rule."  *Mullinix*, 2021 WL 4935976, at *3.  Here, both cases involve identical allegations that Defendants failed to adequately secure and safeguard its customers' PII, and that these failures enabled hackers to steal the putative class members' PII and put them at risk.  *Compare* FAC ¶¶ 15, 16 *with Liau* SAC ¶¶ 4, 5.  They also contain identical allegations that "Defendant failed to uncover and disclose the extent of the Breach and notify its affected customers of the Breach in a timely manner" and thus "prevented Class members from protecting themselves from the Breach."  FAC ¶ 17; *Liau* SAC ¶ 6.  The core theory and factual allegations giving rise to the claims are the same.  The fact that this action contains a passing reference to Defendant's alleged sharing of information with WeChat does not change this conclusion.

Plaintiffs also argue that even if the three factors of the first-to-file rule are satisfied, the

---

[2] Plaintiffs' reference to paragraph 137 appears to be in error, as that paragraph does not contain any allegations about Defendant's alleged data sharing with WeChat.

United States District Court
Northern District of California

1   court may exercise its discretion and decline to apply the rule for equitable reasons.  Opp'n 5.

2       "Exceptions to the first-to-file rule include where the filing of the first suit evidences bad

3   faith, anticipatory suits, and forum shopping."  *Therapy Stores, Inc. v. JGV Apparel Grp., LLC*,

4   No. 4:16-CV-02588-YGR, 2016 WL 4492583, at *3 (N.D. Cal. Aug. 26, 2016) (citing *Alltrade*,

5   946 F.2d at 628).  Plaintiffs argue that "it is not clear whether the New York action has been

6   brought in good faith, nor is it clear that the New York action is being competently prosecuted."

7   Opp'n 5.  Plaintiffs' counsel submits a declaration in which they state, "[w]e have attempted to

8   communicate with plaintiff's counsel in the New York action, but have been unable to reach him,"

9   and that "defense counsel . . . has conceded that Counsel in the New York action is not responsive

10  to him (nor was he responsive to Plaintiffs' counsel in this action to discuss potential coordination

11  and the appropriate venue for both actions)."  [Docket No. 28-1 (Lindemann Decl. Oct. 2, 2023 ¶

12  5.]  Plaintiffs' speculation is insufficient to demonstrate bad faith, which "is evident when the

13  plaintiff in the first action induces the other party to rely, in good faith, on representations made by

14  the plaintiff that it will not file first in order to preempt the other party from filing a suit in its

15  preferred forum."  *Therapy Stores*, 2016 WL 4492583, at *5 (citing *Girafa. com, Inc., v. Alexa

16  Internet, Inc.*, No. C-08-02745 RMW, 2008 WL 4500858, at *7 (N.D. Cal. Oct 6, 2008)).  As

17  Plaintiffs make no such allegations here, the court declines to apply the bad faith exception to the

18  first-to-file rule.

19      Having determined that the first-to-file rule applies, the court finds that transfer of this case

20  to the Southern District of New York is appropriate here because "it will minimize the risk of

21  inconsistent judgments[,] conserve judicial resources and allow discovery to be managed by a

22  single court."  *See Mullinix*, 2021 WL 4935976, at *3.[3]  Accordingly, it does not reach the merits

23  of Defendant's motion to dismiss the FAC pursuant to Rules 12(b)(1) and 12(b)(6).

24

25  [3] Plaintiffs also argue that this district is a "more 'desirable' and 'convenient' for[u]m for this class
26  action case" based on the location of evidence and witnesses.  Opp'n 6.  The Ninth Circuit has
    held that an argument regarding "the respective convenience of the two courts" should normally
27  "be addressed to the court in the first-filed action," and that "[t]he court in the second-filed action
    is not required to duplicate this inquiry."  *Alltrade*, 946 F.2d at 628 (quoting *Pacesetter*, 678 F.2d
28  at 96).  Accordingly, the court defers to the first-filed court the issue of the most convenient
    forum.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's motion to transfer the case to the Southern District of New York is granted.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 19, 2024



_____
Judge Donna M. Ryu
Chief Magistrate Judge